Case 2:07-cv-02983-JAG-MCA   Document 96   Filed 09/17/08   Page 1 of 5 PageID: 2973

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., | : | |
| Plaintiff, | : | Civil Action No. 07-2983 (JAG) |
| v. | : | **OPINION** |
| GREENWICH INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, VIRGINIA SURETY INSURANCE COMPANY, INC., | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 75) of plaintiff, Langan Engineering and Environmental Services, Inc. ("Plaintiff"), seeking to compel defendant, Lexington Insurance Company ("Defendant"), to produce an affidavit detailing the discovery Defendant requires to determine its duty to defend or, in the alternative, for reconsideration of this Court's February 19, 2008 Order denying Plaintiff's motion for partial summary judgment. With respect to the motion for reconsideration, Plaintiff argues that this Court erred because: (1) Defendant failed to comply with the requirements of FED. R. CIV. P. 56(f); and (2) this Court misapplied Third Circuit precedent with regard to Rule 56. For the reasons set forth below,

1

Plaintiff's motion is denied.

**Legal Standard for Motions to Reconsider**

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and argument considered by the court before rendering its original

decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

As an alternative to FED. R. CIV. P. 59, FED. R. CIV. P. 60(b) provides grounds for relief from judgment. These grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

**Analysis**

Plaintiff does not allege that there has been an intervening change in the controlling law or that new evidence has become available.  Instead, Plaintiff argues that this Court erred in applying Third Circuit case law with respect to FED. R. CIV. P. 56.  Specifically, Plaintiff "submits that the court should reconsider its earlier decision under both rules [Fed. R. Civ. P. 59(e) and 60(b)], as the February 19 Order was a mistake and an error of law."  (Mem. of Law in Support of Mot. to Compel, 3).

Plaintiff first argues that Defendant's affidavits fail to satisfy the requirements of FED. R.

CIV. P. 56(f). However, this Court concluded that the affidavits submitted by Yonathan Casilla ("Casilla") and Keith Poopor ("Poopor") satisfy FED. R. CIV. P. 56(f) by creating a genuine issue as to material fact; namely, whether the specific endorsements actually included in the policy are in fact those intended to be included in the policy.

Plaintiff's second argument focuses on several cases in which other judges in the District of New Jersey have stated that an insurer's duty to defend should be determined by simply comparing the underlying complaint to the four corners of the insurance policy, and not relying upon further discovery. Id. However, Plaintiff's support is distinguishable from this case because the cases cited involved disputes over the language contained on the face of the insurance policies, whereas Defendant's opposition to the motion for summary judgment focused on whether or not grounds exist for reformation of the policy. Therefore, this Court concludes that the February 19 Order did not contain an error or mistake of law.

**Motion to Compel**

As to the motion to compel, when a party moves for summary judgment under FED. R. CIV. P. 56, the non-moving party is required to respond by setting out specific facts not already in the pleadings which show there is a genuine issue for trial. FED. R. CIV. P. 56(e)(2). In the instant case, Defendant produced two affidavits from Casilla and Poopor detailing Defendant's contention that the subject matter of Plaintiff's Motion for Partial Summary Judgment presents a genuine issue as to a material fact.

Despite the information in these affidavits, Plaintiff asks this Court to compel Defendant to "show[] by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." (Mem. of Law in Support of Mot. to Compel, 1-2). However, through the affidavits

of Casilla and Poopor, Defendant has already provided the information sought by Plaintiff.  As such, this request is redundant.

**Conclusion**

Plaintiff has failed to demonstrate that this Court made a mistake or an error of law, with respect to its Order of February 19. Plaintiff's motion to reconsider is denied.  Plaintiff's alternative request to compel Defendant to produce further affidavits is also denied, because the previously submitted affidavits of Casilla and Poopor satisfy the requirements of FED. R. CIV. P. 56.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: September 17, 2008